that by reading together the memorandum slip containing the terms of the contract and the letters of the plaintiff of September first and October fifth with the defendant's answers indorsed thereon, a complete written contract, or note, or memorandum, signed by the party to be charged is sufficiently established to satisfy the Statute of Frauds.

*Percy V. D. Gott* for appellant.
*Israel T. Deyo* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ.    Absent: ANDREWS, J.

---

FRANK EVANOVITCH, Appellant, *v.* PHILADELPHIA AND READING COAL AND IRON COMPANY, Respondent.

*Negligence — master and servant — injury to employee in mine from falling rock — judgment for damages properly reversed in absence of evidence that his superior had been requested to furnish props.*

*Evanovitch* v. *Phila. & Reading Coal & Iron Co.*, 184 App. Div. 910, affirmed.

(Argued January 22, 1923; decided February 27, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 24, 1918, reversing a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. The complaint alleged that on June 11, 1914, while plaintiff was in defendant's employ as a laborer in its anthracite mine known as Bear Valley Colliery at Bear Valley, Penn., he was struck and severely injured by heavy fragments of coal which fell from above, due to negligence both on the part of the defendant's superintendent and on the part of its miner, plaintiff's direct superior; that the superintendent was negligent in failing to supply necessary props and timbers and the miner, plaintiff's immediate superior, in directing him to work

in a place which, by reason of the absence of props, was dangerous. The Appellate Division reversed the judgment and granted a new trial upon the ground that there was no evidence that the certified miner of the mine had been requested to furnish props.

*John C. Robinson* for appellant.

*Pierre M. Brown* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN and CRANE, JJ. Not voting: CARDOZO, J. Absent: ANDREWS, J.

---

EDWIN K. BREADY, Doing Business under the Name of GIRARD WORSTED COMPANY, Appellant, *v.* B. A. WECHSLER Co., INC., Respondent.

*Contract — sale — action to recover for goods sold and delivered — no recovery where title to goods did not pass.*

*Bready* v. *Wechsler Co., Inc.,* 200 App. Div. 78, affirmed.

(Argued January 23, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered July 7, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint, which set forth a cause of action for goods sold and delivered. Although actual delivery was alleged, plaintiff instead of showing delivery, was permitted over defendant's objection and exception duly taken, that it was not within the issues since the action was for goods not only sold but actually delivered, to show that the goods were set aside by the plaintiff, at its place of business and there retained at the request of the defendant and on its representation that it was not ready to receive them. The Appellate Division held that in the absence of an allegation to that effect in the complaint no recovery could be had on that theory and that under rule 5 of section 100 of the Personal Property Law